IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE OF MARYLAND | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-12-3054 |
| ISHMAEL DAWUD CAMP | * | |
| Defendant | * | |

\*\*\*\*\*

**MEMORANDUM**

Ismael Dawud Camp[1] has filed a notice to remove criminal charges pending against him in the District Court for Prince George's County to this Court. Camp has also filed a motion to proceed in forma pauperis.

Camp seeks to remove criminal charges for obstructing and hindering, and resisting arrest to this court. ECF No. 1, Exhibit A.[2] He also wants to remove various traffic violations arising from the same incident, including failure to display a registration card on demand, driving without current tags, failing to display a license on demand, driving with an expired license, displaying registration plates issued for another vehicle, and failure to obey traffic control device instructions. *See id.*

As a threshold matter, the Court must examine whether it has subject matter jurisdiction over this case. "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63 (4th Cir. 1988) (internal quotation marks omitted). A federal court must *sua sponte* remand a case removed from state court if the federal court lacks subject matter jurisdiction. *See Crawford v. Mokhtari*, 842 F. Supp. 840, 842-843 (D. Md. 1994), aff'd, 30 F.3d 129 (4th Cir. 1994); *see also Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392 (1998)

---

[1] Camp also signs his pleadings using the surname "Camp-Bey."
[2] Camp's state court proceedings are listed at the Maryland Judicial Web Site located at: http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=5E00487779&loc=20&detailLoc=DSCR.

(acknowledging that when removal is defective for lack of subject matter jurisdiction, remand may occur without motion to remand).

In order for a case to be removable to federal district court, the Court must have original jurisdiction by either a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal district courts have "original jurisdiction, exclusive of the courts of the States," over "any civil case of admiralty or maritime cases jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).  Camp, as the party supporting removal, bears the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chemical Company*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Company,* 257 U.S. 92 (1921)). Camp asserts that he is "Moorish-American" and alludes to the Constitution and Bill of Rights Camp, but fails to provide a legal basis for this Court to exercise jurisdiction over his state criminal and traffic proceedings.  For these reasons, this case will be summarily remanded to state court by separate Order.


DATE:  October 23, 2012

_____/s/_____
William M. Nickerson
Senior United States District Judge